IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DARRYL L. WILSON,**
**No. 14898-424,**

   **Petitioner,**

vs.

**B. TRUE,**

   Respondent.          Case No. 18–cv–00459-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

  Petitioner Darryl Wilson is currently incarcerated in the United States Penitentiary located in Marion, Illinois ("USP-Marion"). He brings this federal habeas corpus action pursuant to 28 U.S.C. § 2241 in order to challenge the enhancement of his sentence in *United States v. Epps*, No. 02-cr-00895-25 (N.D. Ill.). In reliance on *Mathis v. United States*, 579 U.S. —, 136 S. Ct. 2243 (2016), Wilson asserts that his 1994 conviction in Illinois for a controlled substance offense no longer qualifies as a predicate felony drug offense under 21 U.S.C. § 851. (Doc. 1, pp. 7-9). Wilson also argues that his sentence violates his right to due process because it was predicated upon uncharged conduct, in light of *Nelson v. Colorado*, — U.S. —, 137 S. Ct. 1249 (2017). (Doc. 1, pp. 4-6). He asks the Court to vacate his sentence. (Doc. 1, p. 9).

  This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts,

1

which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

Given the still-developing application of *Mathis* and the particularly complicated procedural history of this case as it pertains to Wilson's sentence, the Court deems it necessary to order a response. The Court takes no position at this time regarding the *Mathis* argument, in light of the Seventh Circuit Court of Appeals' recent decision in *United States v. Redden*, 875 F.3d 374 (7th Cir. Nov. 8, 2017) (career offender enhancement of sentence based on Illinois controlled substance convictions was proper). The Court also takes no position regarding the application of *Nelson* in this context.

**IT IS HEREBY ORDERED** that Respondent True shall answer or otherwise plead within thirty days of the date this order is entered.[1] This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS ALSO ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.04.10
16:46:04 -05'00'

**United States District Judge**

3