**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

DARRYL L. WILSON,
\#14898-424,

        Petitioner,

    vs.

B. TRUE,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 18-459-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court for consideration of the pending petition for writ of habeas corpus (Doc. 1) in light of Respondent's August 7, 2019, Status Report (Doc. 21). Respondent's counsel has confirmed that Petitioner Darryl L. Wilson was released from federal custody on July 11, 2019, pursuant to an amended judgment in his criminal case which reduced his sentence to 200 months under Section 404 of the First Step Act of 2018. *United States v. Wilson*, No. 02-CR-00895(25) (N.D. Ill. May 15, 2019) (Doc. 21, p. 1; Doc. 21-1; Doc. 21-2, pp. 1-2). Respondent asks the Court to find that the instant habeas petition is now moot.

### RELEVANT FACTS AND PROCEDURAL HISTORY

Wilson filed his petition for writ of habeas corpus under 28 U.S.C. § 2241 on February 21, 2018. (Doc. 1). The petition invoked *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016), and *Nelson v. Colorado*, – U.S. –, 137 S. Ct. 1249 (2017) to challenge Wilson's enhanced sentence, which totaled 292 months after a previous sentence reduction in 2016. (Doc. 1, p. 3). As relief, Wilson requested this Court to vacate his sentences and remand his case to the Northern District of Illinois for resentencing. (Doc. 1, p. 9).

1

Respondent's Status Report demonstrates that Wilson has received all the relief he sought in the petition in this case, and further, that he has been released from imprisonment.

When this Court ordered the parties to report on the status of Wilson's custody (Doc. 17), Wilson's copy of the Court's order, mailed on July 12, 2019, to his address of record at the USP-Marion, Illinois, was returned as undeliverable. (Doc. 18). Wilson has not notified the Clerk of Court of his new address or submitted any other communication since his July 2018 rebuttal to the government's original response (Doc. 15). Additionally, Respondent notes that he has no current address for Wilson. (Doc. 21, p. 3). As such, no response from Wilson to the status report is expected.

## ANALYSIS

"The inability to review moot cases stems from the requirement of Article III of the Constitution which limits the exercise of judicial power to live cases or controversies." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *Ibid.* That is the present situation.

Respondent has documented that Wilson has been fully granted the relief he requested, that is, resentencing in the district of his conviction. Additionally, he has been released as a result of his reduced sentence, giving him all the relief he sought in the instant case and more. Because this Court can no longer afford Wilson any effective relief, the case has become moot and will be dismissed.

**DISPOSITION**

For the reasons set forth above, this habeas corpus action is **DISMISSED without prejudice** as moot. The Clerk of Court is **DIRECTED** to enter judgment in accordance with this order.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: August 8, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U. S. District Judge**

3